IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASUNCION AHUMADA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1081-K |
| | § | |
| HERNANDEZ INDUSTRIAL | § | |
| SOLUTIONS INC. and CESAR | § | |
| HERNANDEZ, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Asuncion Ahumada has filed a motion for default judgment against Defendants Hernandez Industrial Solutions, Inc. and Cesar Hernandez. *See* Dkt. No 14. Hernandez Industrial Solutions, Inc. has not appeared through counsel, as required, and neither Hernandez Industrial Solutions, Inc. nor Cesar Hernandez has filed a response within the deadlines established by the Court.

United States District Judge Ed Kinkeade has referred the motion for default judgment to the undersigned United States Magistrate Judge for hearing, if necessary, and findings and recommendations. *See* Dkt. No. 15. For the reasons explained below, the Court should grant Plaintiff's motion for default judgment against both Hernandez Industrial Solutions, Inc. and Cesar Hernandez. [Dkt. No. 14].

-1-

## Background

Plaintiff was employed by Hernandez Industrial Solutions, Inc. from June 2021 until December 2021 as an industrial cleaner. *See* Dkt. No. 1 at ¶¶ 11, 12; Dkt. No. 1-4 at ¶ 9(b). Cesar Hernandez is the general manager of Hernandez Industrial Solutions, Inc. *See* Dkt. No. 1 at ¶ 9; Dkt. No. 14-4 at ¶ 3.

Defendants scheduled and required Plaintiff to work fifty hours per week. *See* Dkt. No. 1 at ¶ 13; Dkt. No. 14-4 at ¶9(c). He was paid on an hourly basis at the rate of $18 per hour. *See id.* at ¶¶ 14-16. On average, he was paid $900 per week for the weeks he was paid. *See* Dkt. No. 14-4 at ¶ 9(d). Throughout the course of his employment, Defendants did not pay him at one and one-half times his regular rate of pay for hours worked in excess of forty hours per week. *See* Dkt. No. 1 at ¶¶ 17, 18; Dkt. No. 14-4 at ¶ 9(g).

On May 15, 2022, Plaintiff sued Defendants under 29 U.S.C. § 207 (a)(1) for violations of the Fair Labor Standards Code ("FLSA") to recover unpaid overtime compensation due. *See* Dkt. No. 1. Plaintiff seeks $2,700 for unpaid overtime, an additional $2,700 as liquidated damages, and reasonable attorneys' fees. *See id.* at ¶ 20, Ex. A; 29 U.S.C. § 216(b).

After filing the Complaint, Plaintiff requested the Clerk to issue summons. *See* Dkt. No. 3. Both Defendants were served on May 17, 2022. *See* Dkt. No. 9, 11. Neither Defendant filed an answer or other responsive pleading.

Plaintiff filed a request for entry of default against both Defendants on July 28, 2022, *see* Dkt. No. 12, and the Clerk of the Court entered default against both Defendants on July 28, 2022, *see* Dkt. No. 13.

Plaintiff filed the pending motion for default judgment on August 30, 2022. *See* Dkt. No. 14. Plaintiff's counsel also mailed copies of the motion for default judgment to each Defendant. *See* Dkt. No. 14-5. Neither Defendant has filed a response.

The undersigned now concludes that the Court should grant the motion for default judgment against Hernandez Industrial Solutions, Inc. and Cesar Hernandez.

**Legal Standards**

Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment when a defendant fails to answer or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure and after the Clerk makes an entry of default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has

appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Before entering a default judgment, a court should consider any relevant factors. Such factors include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted).

In the Fifth Circuit, default judgments are disfavored, owing to its "policy in favor of resolving cases on the merits." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). That policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

**Analysis**

I. <u>The Court has subject matter jurisdiction.</u>

Plaintiff has shown that there is jurisdiction over the subject matter and the parties. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

II. <u>Plaintiff has satisfied the prerequisites for entry of default judgment.</u>

Plaintiff filed his Complaint on May 15, 2022, against Hernandez Industrial Solutions, Inc. and Cesar Hernandez. *See* Dkt. No. 1.

Plaintiff properly served summons and a copy of the complaint on both Defendants on May 17, 2022. *See* Dkt. No. 9; Dkt. No. 11.

Federal Rule of Civil Procedure 4(e)(1), which governs service of process on an individual defendant residing within a judicial district, provides, in pertinent part, that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *See* FED. R. CIV. P. 4(e)(1). In Texas, citation may be served by delivery to

the defendant in person. *See* TEX. R. CIV. P. 106(a)(1). Plaintiff served Cesar Hernandez by hand delivery on May 17, 2022. *See* Dkt. No. 9.

Likewise, Federal Rule of Civil Procedure 4(h), which governs service of process on a corporation, or a partnership or other unincorporated association, provides that service of process may be completed by following state law for serving a summons. *See* FED. R. CIV. P. 4(h)(1)(A) (cross-referencing FED. R. CIV. P. 4(h)(1)(A)). In turn, Texas Rule of Civil Procedure 106(a) provides two methods for effecting personal service on a defendant: (1) by personal delivery or (2) by registered or certified mail, return receipt requested. *See* TEX. R. CIV. P. 106(a)(1)-(2). "A corporation," however, "is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent." *Paramount Credit Inc., v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.–Houston [1st Dist.] 2013, no pet.).

Hernandez Industrial Solutions, Inc. is a Texas limited liability corporation. A limited liability corporation may be served through its registered agent or other agents authorized to receive service such as its managers and members. *See* TEX. BUS. ORGS. CODE §§ 5.201(a), 5.255(3). Plaintiff served Hernandez Industrial Solutions, Inc. by hand delivery to Cesar Hernandez, its sole manager and, as such, an authorized agent who may receive service. *See* Dkt. No. 11; Dkt. No. 14-1 at ¶ 3.

The Clerk of Court made entry of default against both Defendants on July 28, 2022. *See* Dkt. No. 13.

Hernandez Industrial Solutions, Inc. is a limited liability company and, therefore, cannot be a minor, an incompetent person, or active in military service. *See* Dkt. No. 14-1. Cesar Hernandez is neither a minor nor active in military service. *See* Dkt. No. 14-4.

III. <u>The pleadings support entry of default judgment.</u>

There is a sufficient basis in the pleadings for default judgment against Hernandez Industrial Solutions, Inc. and Cesar Hernandez. The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. *See id.*

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the

-7-

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime under 29 U.S.C. § 207(a)(1), a plaintiff must plausibly allege: "(1) that an employer-employee relationship existed during the time that he worked in excess of forty hours per week; (2) that the employee engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Plaintiff alleges that he had an employer-employee relationship with both Hernandez Industrial Solutions, Inc. and Cesar Hernandez during the time he worked in excess of forty hours per week and that he engaged in activities covered by the FLSA. *See* Dkt. No. 1 at ¶¶4, 9, 12. He alleges that he was required to work fifty hours per week but was paid for only forty hours per week. *See id.* at ¶¶ 13, 14, 17, 18, Ex. A. He alleges the specific weeks in which he worked more than forty hours. *See id.* Ex. A. He alleges his regular rate of pay was $18 per hour. *See id.* at ¶¶ 14-16. He alleges the amount of overtime compensation due is $2,700, and he is

entitled to an additional $2,700 as liquidated damages. *See id.* at ¶ 20, Ex. A; 29 U.S.C. § 216(b).

IV.  The Court should award reasonable attorneys' fees and costs.

Plaintiff requests an award of $5,122 for reasonable attorneys' fees and costs.

A.  Attorneys' Fees

Plaintiff seeks reasonable attorney's fee under 29 U.S.C. § 216(b).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. Of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith v. Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.,* 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia*

*Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

The requested attorneys' fees award is supported by the sworn Petition for Attorney's Fees, Time and Tasks of James M. Dore. *See* Dkt. No. 14-2. Plaintiff is represented by Mr. Dore, the primary attorney handling the case, and local counsel Mark Downey. The sworn petition is not supported by invoices, but Mr. Dore provides a detailed narrative of the work he performed. Mr. Dore performed 10.8 hours of work. Mr. Dore states the local counsel, Mr. Downey, performed 1.25 hours of work but provides no other details about Mr. Downey's work on the case. Both Mr. Dore's and Mr. Downey's billable hourly rate is $400 per hour. Mr. Dore did not bill Plaintiff for administrative work performed by others in the case.

Mr. Dore states that the total of amount attorneys' fees for his work on the case was $4,020 but calculating the number of hours he worked by his hourly rate demonstrates the total amount should be $4,200. The undersigned assumes the difference in the two amounts is simply a juxtaposition of numbers.

Based on the motion for default judgment and Mr. Dore's sworn petition, the undersigned finds the appropriate lodestar here to be calculated as 12.05 hours for work performed by attorneys at $400 an hour for a total of $4,820. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

B.     Costs

Plaintiff also seeks recovery of $602 for costs – $402 for the filing fee and $220 for a private process server. *See* Dkt. No. 14-2 at 2.

28 U.S.C. § 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. *See* 28 U.S.C. § 1920. The United States Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 444-45 (1987)). And the Supreme Court has held that the term "costs" as used in Federal Rule of Civil Procedure 54(d) is defined by Section 1920. *See Crawford Fitting*, 482 U.S. at 441-42. Costs for private process servers are not included in this enumerated list. *See* 28 U.S.C. § 1920; *see also Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 431 (in the Fifth Circuit, "absent exceptional 431circumstances, the costs of a private process server are not recoverable under Section 1920"). Plaintiff provides no additional statutory authorization for recovery of costs for a private process server.

Plaintiff may recover $402 in costs incurred for the filing fee but may not recover costs incurred for a private process server.

IV. <u>Conclusion</u>

The Court should award Plaintiff $2,700 for unpaid overtime compensation, $2,700 for liquidated damages, $4,820 for reasonable attorneys' fees, and $402 for costs, for a total award of $10,662.

**Recommendation**

Plaintiff Asuncion Ahumada's Motion for Default Judgment Against Defendants Hernandez Industrial Solutions, Inc. and Cesar Hernandez [Dkt. No. 14] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 29, 2020

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE